UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JEFFREY MCDONALD,                            )
ELKE HUPALO, JOSHUA BISHOP, and all  )
others similarly situated under 29 U.S.C.    )
216(B),                                                        )
                                                                    )
        Plaintiffs,                                      )
   vs.                                                       )
                                                                    )
US CHUTES LLC,                                   )
JOHN WEBER,                                       )

        Defendants.
_____

# COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE AND OVERTIME VIOLATIONS

Plaintiffs, JEFFREY MCDONALD, JOSHUA BISHOP, and ELKE HUPALO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, US CHUTES LLC and JOHN WEBER, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff Jeffrey McDonald was a resident of Broward County, Florida at the time this dispute arose.

3. Plaintiff Joshua Bishop was a resident of Miami-Dade County, Florida at the time this dispute arose.

4. Plaintiff Elke Hupalo was a resident of Connecticut at the time this dispute arose.

5. The Defendant, US CHUTES LLC, is a corporation that regularly transacts business within Palm Beach County. Upon information and belief, the Defendant Corporation was the Plaintiffs' FLSA employer during Plaintiffs' employment ("the relevant time period").

6. The individual Defendant, JOHN WEBER, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period, was responsible for paying Plaintiffs' wages for the relevant time period, and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

7. The acts or omissions giving rise to this dispute took place in Palm Beach County, Florida, as well as Georgia, Connecticut, and Texas.

## COUNT I. FEDERAL OVERTIME AND MINIMUM WAGE VIOLATIONS

8. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid all wages owed for work performed from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

11. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Plaintiff, JEFFERY MCDONALD, worked for Defendants as an installer from on or about

2001 through on or about August 5, 2014.

13. Plaintiff, JOSHUA BISHOP, worked for Defendants as an installer from on or about July 6, 2014 through on or about August 5, 2014.

14. Plaintiff, ELKE HUPALO, worked for the Defendants as an installer from about July 7, 2014 through on or about July 21, 2014.

15. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiffs used and/or handled on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

16. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 annually for the year 2014.

17. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the third quarter in the year 2014.

18. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

19. Plaintiff, JOSHUA BISHOP, worked for Defendants from on or about July 6, 2014 through on

or about August 5, 2014. During this time period Plaintiff was contracted to be paid at the rate of $15.00 per hour and worked an average of 60 hours per week but was not paid any wages whatsoever and was not paid time and a half overtime as required by law. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

20. Plaintiff, JEFFREY MCDONALD, worked for Defendants from on or about July 6, 2014 through on or about August 5, 2014. During this time period Plaintiff was contracted to be paid at the rate of $32.00 per hour and worked an average of 60 hours per week but was not paid any wages whatsoever. Plaintiff therefore claims the higher applicable rate between his contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

21. Plaintiff, ELKE HUPALO, worked for Defendants from on or about July 7, 2014 through on or about July 21, 2014.  During this time period Plaintiff was contracted to be paid at the rate of $12.00 per hour and worked an average of 80 hours per week but was not paid any wages whatsoever.  Plaintiff therefore claims the higher applicable rate between her contractual rate and the minimum wage for each hour worked as well as time and a half overtime wages for each overtime hour worked.

22. Defendants willfully and intentionally refused to pay Plaintiffs' wages as required by the Fair Labor Standards Act as Defendants knew of the requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests their unpaid wages owed, an equal amount in liquidated damages, and reasonable attorney fees from Defendants pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all wages still owing from Plaintiffs' entire employment periods with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiffs request a trial by jury.*

## COUNT II. BREACH OF CONTRACT

Plaintiff adopts and re-alleges the allegations contained in paragraphs 1-22 above and further states:

23. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367.

24. All conditions precedent have been fulfilled prior to bringing this action for breach of contract.

25. Prior to the onset of the Plaintiffs' employment, each entered into oral employment contracts with the Defendants.

26. Plaintiff ELKE HUPALO's contract guaranteed her a salary of $50,000.00 per year, and did in fact perform her obligations under the contract during her employment, but she did not receive any wages whatsoever.  The Plaintiff therefore claims the amount promised to her under the contract for the period in which she worked.

27. Plaintiff JEFFREY MCDONALD's contract guaranteed him $7,700.00 to work in the one month period described above, and did in fact perform his obligation under the contract, but he did not receive any wages whatsoever.  The Plaintiff therefore claims the amount promised to him under the contract for the period in which he worked.

28. Plaintiff JOSHUA BISHOP's contract guaranteed him $15.00 per hour, and he did in fact

perform his obligations under the contract by working for an average of 60 hours per week in the time period described above. The Plaintiff therefore claims the amount promised to him under the contract for the time that he worked.

29. The Defendants have breached their obligations under the contract by failing to pay the Plaintiffs their contractually obligated wages as described above, and the Plaintiffs have been damaged accordingly.

WHEREFORE, Plaintiffs demand judgement against the Corporate Defendant for all damages allowed by law under the contract including but not limited to the unpaid wages owed. Plaintiffs request a trial by jury.

Respectfully Submitted,

David Markel, Esq.
The Markel Law Firm
Attorney For Plaintiffs
777 Brickell Avenue Suite 500
Miami, Florida 33131
Tel: (305) 458-1282
Fax: (800)-407-1718
Email: David.Markel@markel-law.com

By:__/s/ David Markel_____
　　David Markel, Esq.
　　Florida Bar Number: 78306